UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA         **JS-6**

**CIVIL MINUTES – GENERAL**

Case No.  SACV 12-1624-JST (FFMx)                         Date:  October 3, 2012
Title:  PDQ Investments LLC v. Helen Cho

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

| Ellen Matheson | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

Not present                                                  Not present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER REMANDING CASE TO ORANGE COUNTY SUPERIOR COURT, CASE NO. 30-2012-00583864**

Plaintiff PDQ Investments LLC ("PDQ") filed this unlawful detainer action against Defendant Helen Cho ("Cho") and Does 1 to 10 in Orange County Superior Court on July 16, 2012, Case Number 30-2012-00583864.  On September 26, 2012, Hillary J. Wong ("Wong") removed this action on the basis of federal-question jurisdiction pursuant to 28 U.S.C. § 1441, arguing that the Protecting Tenants at Foreclosure Act of 2009 (PTFA), 12 U.S.C. § 5220, preempted California foreclosure law.  (Notice of Removal ("Notice"), Doc. 1.)  Wong alleges that Cho was the former owner of the Property and defaulted in the underlying litigation and thus is no longer a party.  (*Id.*)  Wong also alleges that she intervened in the suit by filing a Pre-Judgment Claim of Right to Possession and so has standing as a valid defendant to remove this action to federal court.  (*Id.* at 2.)  Where a federal district court lacks subject-matter jurisdiction, it must remand the case, and has the discretion to do so *sua sponte*.  *See Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) (citing 28 U.S.C. § 1447(c)).  For the reasons discussed below, the Court sua sponte REMANDS this case to the Orange County Superior Court.

When reviewing a notice of removal, "it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (internal quotation marks omitted)).  Courts "strictly construe the removal statute against removal jurisdiction," and thus "the defendant always has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Moreover, removal is proper only in "state-court actions that originally could have been filed in federal court . . . ."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  "If at any time before final judgment it

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                     **JS-6**

**CIVIL MINUTES – GENERAL**

Case No.  SACV 12-1624-JST (FFMx)                          Date:  October 3, 2012

Title:  PDQ Investments LLC v. Helen Cho

appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

    Here, Wong contends that removal is proper, alleging that the PTFA preempts California law, and so "Plaintiff has actually filed a Federal Question action in State Court."  (Notice at 2.)  However, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar*, 482 U.S. at 392.  "A defense is not part of a plaintiff's properly pleaded statement of his or her claim."  *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998); *see also Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936) ("To bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.").  Here, no federal question is presented on the face of the Plaintiff's complaint, and the complaint alleges only a state law unlawful detainer claim in violation of California Code of Civil Procedure section 1161a.  (Compl. at 1.)  Further, Wong's "reference to the PTFA is best characterized as a defense or potential counterclaim, neither of which is considered in evaluating whether a federal question appears on the face of a plaintiff's complaint."  *U.S. Bank Nat'l Ass'n v. Jenkins*, No. 5:11-cv-01762, 2012 WL 242858 (C.D. Cal. Jan. 25, 2012); *see also Fed. Nat'l Mortg. Ass'n v. Detmer*, No. 1:12-cv-00550-AWI-SKO, 2012 WL 1435018 (E.D. Cal. April 25, 2012) ("Federal district courts have held that a defense based on the [PTFA] cannot serve as a basis for removal jurisdiction.").

    For the foregoing reasons, the Court concludes that it lacks subject-matter jurisdiction over this case, and REMANDS it to Orange County Superior Court, Case No. 30-2012-00583864.

Initials of Preparer:  <u>enm</u>